

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_/s/ [signature]_

**United States Bankruptcy Judge**

**Signed April 18, 2013**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 11-42792-DML-7 |
| DAVID E. WILLIAMS, II, | § | |
|     DEBTOR. | § | |
| | § | |
| JAMES OSTRANDER | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | ADVERSARY NO. 11-04190-DML |
| | § | |
| DAVID E. WILLIAMS, II, | § | |
|     DEFENDANT. | § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Before the court is the *Motion for Appointment of Counsel* (the "Motion," at docket no.[1]

28) filed *pro se* by James Ostrander ("Plaintiff") in the Adversary. By the Motion, Plaintiff

---

[1] "Docket no. __" shall hereinafter refer to the corresponding docket entry in the above-captioned adversary proceeding (the "Adversary") unless otherwise indicated.

requests that the court appoint counsel to represent him in the Adversary pursuant to 28 U.S.C. § 1915.

Plaintiff has raised an issue that has divided federal courts across the country: whether or not the bankruptcy court is a "court of the United States" authorized by Congress to grant relief under 28 U.S.C. § 1915. The court need not resolve that thorny issue today because the court concludes that it would not be appropriate to appoint counsel in the Adversary. Nevertheless, the court's ruling is bolstered by the fact that it might not possess the authority to appoint counsel even if it would otherwise be inclined to do so.

The court sets forth its reasoning in the form of a memorandum opinion because Plaintiff lacks legal expertise and would benefit from a detailed explanation of why this court cannot appoint counsel, and because the Motion implicates issues that the United States Court of Appeals for the Fifth Circuit has not yet squarely addressed and on which other courts have reached divergent results. This memorandum opinion constitutes the court's conclusions of law on the issues posed by the Motion. FED. R. BANKR. P. 7052. The court exercises core jurisdiction over the Adversary pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I).[2]

### I. FACTS

The parties are familiar with the facts of the Adversary, but the court will briefly recount the facts for the benefit of other readers. Plaintiff is currently serving a sentence at the Alfred Hughes correctional facility in Gatesville, Texas ("Hughes") for aggravated assault with a deadly

---

[2] "Core proceedings include . . . determinations as to the dischargeability of particular debts . . . . " 28 U.S.C. § 157(b)(2)(I).

weapon.³ His projected release date is July 31, 2020, and he becomes eligible for parole on August 1, 2015.⁴ As a result, Plaintiff has not appeared at prior hearings in the Adversary, and he is unlikely to appear at future hearings absent order of the court. *See* docket no. 22. The court has made arrangements for Plaintiff to appear telephonically for trial docket call and in person for trial in the Adversary. *See* docket nos. 30-32.

Plaintiff filed the Adversary *pro se* against David E. Williams, II ("Defendant") on October 24, 2011. *See* docket no. 1. Defendant is the debtor in the above-captioned bankruptcy case (the "Case"). By the Adversary, Plaintiff alleges that he hired Defendant, an attorney, to represent him in his criminal case, and that Defendant quit without prior notice the day of Plaintiff's trial. Plaintiff alleges that Defendant thereby committed "negligence," "extort[ion,]" and "theft of services." *Id*. Plaintiff therefore asserts that he is a creditor of the Defendant, and requests that the court deem his debt non-dischargeable in the Case pursuant to section 523 of the Bankruptcy Code.⁵ To the best of the court's knowledge, Plaintiff has not received a judgment in his favor against Defendant in federal or state court. Plaintiff has, however, filed a proof of claim in the Case. *See* Case, Claims Register, Claim # 21-1.

Plaintiff filed the Motion on March 18, 2013. Plaintiff alleges in the Motion that (1) he is "unable to afford counsel;" (2) his "imprisonment will greatly limit his ability to litigate, the issues involved in this case are complex, and will require significant research and investigation;" (3) he has "limited access to the law library" at Hughes and "limited knowledge of the law;" and (4) "[a] trial in [the Adversary] will likely involve conflicting testimony, and counsel would

---

³ *TDCJ Offender Details*, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, http://offender.tdcj.state.tx.us/POSdb2/offenderDetail.action?sid=02836922.

⁴ *Id*.

⁵ 11 U.S.C. §§ 101 *et seq*. (the "Code").

better enable [P]laintiff to present evidence and cross[-]examine witnesses." Motion at 1. As a result, Plaintiff, "pursuant to 28 [U.S.C.] § 1915(e)(1), [m]oves for an [o]rder appointing counsel to represent him in" the Adversary. *Id*.

## II. DISCUSSION

Because Plaintiff appears *pro se*, the court must construe the Motion liberally. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### *A. An Indigent Litigant's Right to Counsel*

28 U.S.C. § 1915 permits "any *court of the United States*" to "request any attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(a), (e) (emphasis added).[6] Section 1915 allows the court to appoint counsel in civil as well as criminal cases, *see, e.g.*, 28 U.S.C. § 1915(a)-(b); *Marquez v. Woody*, 440 F. App'x 318, 326 (5th Cir. 2011); *Castro Romero v. Becken*, 256 F.3d 349, 353-54 (5th Cir. 2001), and even incarcerated indigent civil plaintiffs may request the appointment of counsel.[7] The decision to appoint counsel is not automatic; rather, it is committed to the court's discretion. *Marquez*, 440 F. App'x at 326; *Castro Romero*, 256 F.3d at 353-54.

### *B. The Bankruptcy Court May Lack Authority To Appoint Counsel Under 28 U.S.C. § 1915*

---

[6] 28 U.S.C. § 1915 also generally provides for *in forma pauperis* waiver of filing fees, *inter alia*. *See* 28 U.S.C. § 1915(a)-(c). In bankruptcy cases, these *in forma pauperis* provisions are partially superseded by 28 U.S.C. § 1930, which sets forth bankruptcy filing fees and procedures for waiver/payment in installments of such fees. *See generally* Richard H.W. Maloy, *Should Bankruptcy Be Reserved for People Who Have Money? Or is the Bankruptcy Court a Court of the United States?*, 7 J. BANKR. L. & PRAC. 3, 21-28 (1997).

[7] *See infra* note 43.

> For the purposes of Title 28 of the United States Code, including 28 U.S.C. § 1915,[8]
>
> [t]he term 'court of the United States' includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

28 U.S.C. § 451. Thus, this court may only appoint counsel under section 1915 if the bankruptcy court qualifies as a "court of the United States" under section 451. "Now, of course, no one would disagree that bankruptcy courts are considered to be, and are respected as, courts of the United States" as a matter of general parlance,[9] but where Congress has carefully defined a term to give it a distinct meaning, this court must give effect to that definition.[10]

"Considerable difference of opinion exists as to whether bankruptcy courts are 'courts of the United States' and thus able to grant § 1915 relief at all."[11] Although the majority rule appears to be that bankruptcy courts "are *not* 'courts of the United States' within the meaning of

---

[8] Other sections of Title 28 that cross-reference 28 U.S.C. § 451's definition section include, *inter alia*, 28 U.S.C. § 1927 (sanctions for "unreasonably and vexatiously" multiplying proceedings), *id.* § 2283 (the Anti-Injunction Act); and *id.* § 2201 (the Declaratory Judgment Act). *See also*, *e.g.*, *id.* §§ 376, 1821(a). *See generally* Judge David S. Kennedy & Tisha L. Federico, *If the United States Bankruptcy Court is Not a "Court of the United States," Then What Is It?*, 28 U. MEM. L. REV. 859, 860, 870-80 (1998).

[9] *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 103 (3d Cir. 2008).

[10] *See*, *e.g.*, *United States v. Turkette*, 452 U.S. 576, 580 (1981); *Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 893 (9th Cir. 1992).

[11] *Heghmann v. Indorf*, 324 B.R. 415, 418 n.6 (B.A.P. 1st Cir. 2005). *See generally* Kennedy & Federico, *supra* note 8; Maloy, *supra* note 6.

*Compare*, *e.g.*, *Jones v. Bank of Santa Fe (In re Courtesy Inns., Ltd., Inc.)*, 40 F.3d 1084, 1086 (10th Cir. 1994) (no); *Perroton*, 958 F.2d at 889-96 (no); *Gower v. Farmers Home Admin.*, 899 F.2d 1136, 1139-40 (11th Cir. 1990) (no); *In re Broady*, 96 B.R. 221 (Bankr. W.D. Mo. 1988) (no); *with*, *e.g.*, *Schaefer*, 542 F.3d at 102-05 (yes); *Stone v. Casiello (In re Casiello)*, 333 B.R. 571, 575 (Bankr. D. Mass. 2005) (yes); *Volpert v. Ellis (In re Volpert)*, 177 B.R. 81, 83-90 (Bankr. N.D. Ill. 1995) (yes), *aff'd on other grounds*, 110 F.3d 494 (7th Cir. 1997); *In re Shumate*, 91 B.R. 23 (Bankr. W.D. Va. 1988) (yes).

Some courts flag the issue without squarely resolving it. *See*, *e.g.*, *In re Volpert*, 110 F.3d 494, 498 (7th Cir. 1997); *Brown v. Mitchell (In re Arkansas Communities, Inc.)*, 827 F.2d 1219, 1221 (8th Cir. 1987); *Heghmann*, 324 B.R. at 418 n.6; *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 554 (Bankr. E.D.N.Y. 1999).

this and related sections,"[12] there are strong opinions to the contrary,[13] and the majority is slim.[14] To the best of this court's knowledge, "the Fifth Circuit has not addressed this question,"[15] and courts within the Fifth Circuit have reached opposite conclusions.[16]

"[T]he phrase 'court of the United States' is scattered throughout Title 28."[17] A ruling that the bankruptcy court is not a "court of the United States" could therefore have unanticipated and "potentially pervasive effect[s]."[18] Thus, because the court ultimately concludes that it

---

[12] *Courtesy Inns*, 40 F.3d at 1086 (emphasis added). *Accord Kliegl*, 238 B.R. at 554 ("We acknowledge the contrary majority."). *But see infra* note 14.

[13] *See supra* note 11.

[14] *See* Kennedy & Federico, *supra* note 8, at 864 (noting that while a majority of the *appellate* courts that have considered the issue have ruled that bankruptcy courts are not "courts of the United States," a majority of *bankruptcy* courts in circuits that have not yet considered the issue have reached the opposite conclusion).

[15] *In re Osborne*, 375 B.R. 216, 224 (Bankr. M.D. La. 2007); *accord Blakeman v. Bishop (In re W. Fid. Mktg., Inc.)*, No 4:01-MC-0020-A, 2001 WL 34664165, at *22 (N.D. Tex. 2001).

*Cf. Thomas v. Mathenia (In re Asheru)*, 399 F. App'x 5, 6 (5th Cir. 2010); *Barnes v. Barnes (In re Barnes)*, 279 F. App'x 318, 319-20 (5th Cir. 2008); *Griffith v. Oles (In re Hipp, Inc.)*, 895 F.2d 1503, 1512 (5th Cir. 1990).

While one could argue that the Fifth Circuit "implicitly recognized" that a bankruptcy court is a "court of the United States" under section 451 in *United States Small Business Admin. v. Esmond*, 752 F.2d 1106, 1107-10 (5th Cir. 1985), *see* Maloy, *supra* note 6, at 31, that precise question was not raised by the parties or the court. *See Esmond*, 752 F.2d at 1107-10. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Webster v. Fall*, 266 U.S. 507, 511 (1927). Courts have noted that even if an appellate court has previously upheld relief granted by a bankruptcy court under a statute that cross references 28 U.S.C. § 451, that does not necessarily entail that the bankruptcy court possessed jurisdiction to do so if the parties failed to raise a challenge to the bankruptcy court's authority. *See In re Memorial Estates, Inc.*, 950 F.2d 1364, 1369-70 (7th Cir. 1992) (citing *In re TCI Ltd.*, 769 F.2d 441 (7th Cir. 1985)).

[16] *Compare In re Norris*, 192 B.R. 863, 875 (Bankr. W.D. La. 1995) (concluding that 28 U.S.C. § 1915 is "'not applicable in bankruptcy cases,' since bankruptcy courts are not expressly designated courts of the United States" by 28 U.S.C. § 451 (quoting *In re Fitzgerald*, 167 B.R. 689 (Bankr. N.D. Ga. 1994))) *with W. Fid. Mktg.*, 2001 WL 34664165, at *2, *22; *Osborne*, 375 B.R. at 224.

*Western Fidelity Marketing*'s conclusion that 28 U.S.C. § 1927 authorizes the bankruptcy court to impose sanctions because the bankruptcy court is a "court of the United States" within the meaning of 28 U.S.C. § 451 is probably dicta because the sanctions were upheld "pursuant to the court's inherent authority." 2001 WL 34664165, at *2.

[17] *Volpert*, 110 F.3d at 499. *See also supra* notes 6, 8.

[18] *Volpert v. Ellis (In re Volpert)*, 177 B.R. 81, 85 n.7 (Bankr. N.D. Ill. 1995), *aff'd on other grounds*, 110 F.3d 494 (7th Cir. 1997).

would not appoint counsel in the Adversary even if it possessed the authority to do so,[19] the court need not resolve the question of whether it is a "court of the United States" within the meaning of the statute.[20] The court merely notes that it questions whether it possesses the authority to appoint counsel for Plaintiff.

Nonetheless, because the court has thoroughly considered the issue, the court will recite the various arguments that courts and commentators have given against or in favor of the conclusion that bankruptcy courts are "court[s] of the United States," as well as novel arguments that have occurred to the court. That way, should this court (or any other court that finds this court's reasoning persuasive) be called upon to squarely resolve the issue in the future, it will not have to begin its analysis from square one.

*1. Arguments That the Bankruptcy Court is Not a Court of the United States*

Evidence that the bankruptcy court is not a "court of the United States" may be found through analysis of section 451's text, the text of related statutory provisions, and section 451's legislative history.

*a. The Text of Section 451*

---

To avoid confusion between the Seventh Circuit opinion and the Bankruptcy Court opinion in *In re Volpert*, "*Volpert*" shall hereinafter refer to the Seventh Circuit opinion, while "*Ellis*" shall refer to the Bankruptcy Court opinion.

[19] *See infra* Section II.C.

[20] *See, e.g., Volpert*, 110 F.3d at 498; *Brown v. Mitchell (In re Arkansas Communities, Inc.)*, 827 F.2d 1219, 1221 (8th Cir. 1987); *Heghmann v. Indorf*, 324 B.R. 415, 418 n.6 (B.A.P. 1st Cir. 2005); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 554 (Bankr. E.D.N.Y. 1999).

First, even courts that ultimately conclude that bankruptcy courts are "court[s] of the United States" under section 451 concede that "[b]ankruptcy courts, it is clear, are not listed explicitly in § 451." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 103 (3d Cir. 2008). Bankruptcy courts obviously are not courts of appeals or the Supreme Court of the United States, so they may only qualify as "court[s] of the United States" if they fall within the definition of "district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior." 28 U.S.C. § 451. Because bankruptcy courts are constituted by *chapter 6*, not chapter 5, of Title 28 of the United States Code,[21] they do not fall under the umbrella of district courts as defined in 28 U.S.C. § 451.[22] Nor do bankruptcy courts fall into section 451's residual category of "court[s] created by Act of Congress the judges of which are entitled to hold office during good behavior" because bankruptcy judges hold office for 14-year terms and therefore are not entitled to hold office during good behavior like district court judges.[23]

*b. Comparison to Related Statutory Provisions*

Further evidence that Congress did not intend for bankruptcy courts to qualify as "court[s] of the United States" may be found by comparing 28 U.S.C. § 451 with section 376 of

---

[21] *Compare* 28 U.S.C. §§ 81-144 *with id.* §§ 151-159. *Accord Volpert*, 110 F.3d at 498.

[22] It is true that section 451 includes the Court of International Trade, which is constituted by *chapter 11* of Title 28 rather than chapter 5. *See* 28 U.S.C. §§ 251-58. That does not necessarily weaken the argument that bankruptcy courts are not "court[s] of the United States." In fact, it arguably bolsters it, because one could respond that when Congress wanted to include courts that are not constituted under chapter 5 of Title 28, it did so specifically, as it did for the Court of International Trade. Thus, one could argue, because section 451 does not specifically include bankruptcy courts created by chapter 6 of Title 28, bankruptcy courts do not fall within the definition.

[23] *See, e.g.*, 28 U.S.C. § 152(a)(1); *Korhumel, Inc. v. Korhumel Indus., Inc. (In re Korhumel Indus., Inc.)*, 103 B.R. 917, 920-21 (N.D. Ill. 1989).

the same title. 28 U.S.C. § 451 defines the term "*judge* of the United States" to include the judges of all of the courts listed as "*court[s]* of the United States," with the exception of the Supreme Court of the United States.[24] 28 U.S.C. § 376 in turn defines the term "judicial official" to include any "Justice or judge of the United States, *as defined by section 451 of this title*," *as well as* any "full-time bankruptcy judge." 28 U.S.C. § 376(a)(1)(A), (F) (emphasis added). The reference to bankruptcy judges in section 376 was added by the Retirement and Survivors' Annuities for Bankruptcy Judges and Magistrates Act of 1988.[25] If bankruptcy courts were already defined as courts of the United States, then bankruptcy judges would, by analogy, already qualify as judges of the United States, and 28 U.S.C. § 376(a)(1)(F) would be superfluous. Although surplus language in congressional enactments may not be not unheard of, statutory interpretations that "give[] effect 'to every clause and word of a statute'" are generally preferred to those that render statutory language superfluous.[26]

---

[24] (emphasis added). In relevant part, 28 U.S.C. § 451 reads as follows:

> The term "court of the United States" includes the Supreme Court of the United States, *courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior* . . . .
>
> The term "judge of the United States" includes judges of the *courts of appeals, district courts, Court of International Trade and any court created by Act of Congress, the judges of which are entitled to hold office during good behavior.*

(emphasis added). Note that the italicized language is virtually identical. Thus, a "judge of the United States" is defined as a judge of any "court of the United States" with the exception of the Supreme Court; judges of the Supreme Court are instead defined as "justice[s] of the United States." 28 U.S.C. § 451. "Construing identical language in a single statute *in pari materia* is both traditional and logical." *E.g., Russo v. Trifari, Krussman & Fishel, Inc.*, 837 F.2d 40, 45 (2d Cir. 1988).

[25] *See* S. REP. NO. 100-293, at 11 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5564, 5570.

[26] *E.g., Microsoft Corp. v. i4i Ltd. P'ship*, 131 S.Ct. 2238, 2248 (2011) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)).

Likewise, 28 U.S.C. § 1651 suggests that where Congress has intended to include a broad swath of federal courts, it has used language broader than that of section 451, such as "all courts established by Act of Congress."[27]

Indeed, 28 U.S.C. § 451 is not the only section of the U.S. Code to define the term "court of the United States," and Congress has included bankruptcy courts as "court[s] of the United States" in the definition sections of other Titles. 18 U.S.C. § 6001(4), which defines "court of the United States" for the purposes of Title 18, Chapter 601, explicitly lists "United States bankruptcy court[s] established under chapter 6, title 28, United States Code."[28] Thus, one could argue, if Congress wanted to include bankruptcy courts in 28 U.S.C. § 451, it would have done so explicitly as it did in 18 U.S.C. § 6001(4). Congress has defined the term "court of the United States" one way in Title 28 and another in Title 18, and the court should give full effect to the statutory language (or absence thereof) in both Titles.

### c. The Legislative History of Section 451

The fact that courts and commentators have split markedly on the meaning of "court of the United States" suggests that the statutory language is ambiguous. Courts have opined that

---

[27] *See also infra* note 35.

[28] In full, 18 U.S.C. § 6001(4) (emphasis added) provides:

> "court of the United States" means any of the following courts: the Supreme Court of the United States, a United States court of appeals, a United States district court established under chapter 5, title 28, United States Code, *a United States bankruptcy court established under chapter 6, title 28, United States Code*, the District of Columbia Court of Appeals, the Superior Court of the District of Columbia, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, the Tax Court of the United States, the Court of International Trade, and the Court of Appeals for the Armed Forces.

where a statute is ambiguous, reference to that statute's legislative history is proper to help interpret the text.[29]

A review of section 451's legislative history reveals that an amendment to section 451 was adopted by Congress, but ultimately deleted before it took effect, that would have added "*and bankruptcy courts, the judges of which are entitled to hold office for a term of 14 years*" to the list of "court[s] of the United States."[30] "The amendment was intended to 'mak[e] the generally applicable provisions of Title 28 applicable to bankruptcy courts and to bankruptcy judges, the same as they apply to all other judges and courts established under [T]itle 28.'"[31] One may therefore argue that if bankruptcy courts were already impliedly included in the list of "court[s] of the United States," then this addition would have been superfluous, and interpretations that avoid statutory surplusage are to be favored over interpretations that create superfluity.[32] Moreover, the fact that Congress eliminated this amendment "by a subsequent amendment before it took effect"[33] constitutes "further indication that Congress did not intend § 451 to include the provisions embodied in the rejected amendment."[34]

---

[29] *E.g.*, *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 187 n.8 (2004). *But see, e.g.*, K.M. Lewis, *Text(Plus-Other-Stuff)ualism: Textualists' Perplexing Use of the Attorney General's Manual on the Administrative Procedure Act*, 1 MICH. J. ENVT'L & ADMIN. L. 287, 291-93 (2012) (summarizing the textualist critique of legislative history).

[30] *Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 894 (9th Cir. 1992) (emphasis added) (quoting Pub.L. No. 95-598, Title II, § 213, 92 Stat. 2668 (Nov. 6, 1978)). *Accord Jones v. Bank of Santa Fe (In re Courtesy Inns., Ltd., Inc.)*, 40 F.3d 1084, 1086 (10th Cir. 1994).

[31] *Perroton*, 958 F.2d at 894 (quoting H.R. REP. NO. 95-595, at 436 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787).

[32] *See supra* note 26.

[33] *Perroton*, 958 F.2d at 894 (9th Cir. 1992) (citing Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA"), Pub. L. No. 98-353, Title I, § 113, 98 Stat. 333, 343 (July 10, 1984) (substituting "shall not be effective" for "shall take effect on June 28, 1984")).

[34] *Id*. *Accord Courtesy Inns*, 40 F.3d at 1086.

*2. Arguments That the Bankruptcy Court Is a Court of the United States*

The argument that the bankruptcy court *is* a "court of the United States" within the meaning of section 451 is based largely on the conception of the bankruptcy court as a unit of the district court rather than a distinct jurisprudential entity.[35] 28 U.S.C. § 151 specifies that

> [i]n each judicial district, the bankruptcy judges in regular active service *shall constitute a unit of the district court* to be known as the bankruptcy court for that district. Each bankruptcy judge, *as a judicial officer of the district court*, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

(emphasis added). Therefore, goes the argument, the reason that bankruptcy courts are not explicitly listed in section 451 is because they are already listed by implication; section 451 lists district courts, which includes bankruptcy courts because the bankruptcy court is a unit of the district court in which it sits. Per the United States Bankruptcy Court for the Northern District of Illinois, explicitly including bankruptcy courts in section 451 would be superfluous at best and unintelligible at worst:

> The issue is not . . . whether "bankruptcy courts" per se are "courts of the United States." The answer to that question is clearly no because, under present law, "bankruptcy courts" no longer exist as separate jurisdictional or legal entities. There is no legal entity known as "bankruptcy courts," [sic] so asking whether such non-existent "courts" are "courts of the United States" is a meaningless question. Instead, bankruptcy judges are by statute judicial officers of the district court to which matters within their jurisdiction may be delegated.[36]

---

[35] Another argument is that the presence of the word "includes" in section 451 entails that "the statutory definition of 'court of the United States' is non[-]exclusive" and Congress "indicated its intent for that term to embrace courts in addition to those enumerated." *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 551 (Bankr. E.D.N.Y. 1999). This argument is plausible, but it would be stronger if, instead of "includes," the section used language like "includes *but is not limited to*" or "includes *without limitation*." This is especially true given that, as the *Kliegl* court concedes, "the statute itself does not indicate the outside limits of what [the term 'court of the United States'] may encompass." 238 B.R. at 551. *See also supra* note 27 and accompanying text.

[36] *Ellis*, 177 B.R. at 87.

This argument has been expressed more colorfully:

Largely for this reason, these courts and commentators find unconvincing the opposing analysis of section 451's legislative history. They argue that the proposed amendment "was deleted because it was" rendered "unnecessary" by the enactment of BAFJA,[37] which "made bankruptcy judges units of the district court."[38] In other words, although the rejected amendment might not have been superfluous at the time it was initially proposed because at that time Congress had not yet made bankruptcy courts units of the district courts, it later became superfluous with the enactment of BAFJA and was therefore deleted.

Some courts go farther and question the propriety of referring to legislative history at all in this context. "Since [Congress] never succeeded in effecting any change to the statute in effect prior to the stillborn amendment," argue these courts, "§ 451 must be interpreted wholly without resort to the" legislative history, because "[u]nimplemented retrospective legislative pronouncements of what a current Congress now interprets a former Congress to have intended is hardly the equivalent of a statutory enactment."[39] As the Supreme Court has noted, "[f]ailed

---

> One will search in vain in the statutes for the conferring [sic] of bankruptcy jurisdiction on any distinct entity comprising an Article I court. I may "be known as" a bankruptcy court but that doesn't mean that there actually is some separate jurisprudential entity involved—anymore than Congress can make a "pink rock-candy mountain" actually exist just by saying so. I am, and remain, a humble servant and officer of an Article III court, although by custom and practice I make bold to refer to myself as "this Court" or "the Court" from time to time.

*In re McGinnis*, 155 B.R. 294, 296 n.1 (Bankr. D.N.H. 1993) (internal citations omitted).

[37] *See supra* note 33.

[38] *Stone v. Casiello (In re Casiello)*, 333 B.R. 571, 575 (Bankr. D. Mass. 2005) (internal quotation marks omitted).

Note, however, that this argument is weakened by the fact that the Retirement and Survivors' Annuities for Bankruptcy Judges and Magistrates Act of 1988 was enacted after BAFJA. *See supra* notes 24-26 and accompanying text.

[39] *Kliegl*, 238 B.R. at 551-52; *accord Casiello*, 333 B.R. at 575.

legislative proposals are 'a particularly dangerous ground on which to rest an interpretation of a'" statute.[40]

*C. The Bankruptcy Court Would Not Exercise Discretion to Appoint Counsel in the Adversary*

The foregoing analysis demonstrates that it is an open question whether this court has the statutory authority to appoint counsel under 28 U.S.C. § 1915. However, assuming, without deciding, that the bankruptcy court is a court of the United States, the court would not exercise its discretion to appoint counsel for Plaintiff.

"In evaluating whether the appointment of counsel is proper" under section 1915, courts in the Fifth Circuit consider "the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence." *Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). The court "should also consider whether the appointment of counsel would be a service to [the plaintiff] and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Marquez v. Woody*, 440 F. App'x 318, 326 (5th Cir. 2011) (quoting *Ulmer*, 691 F.2d at 213). The appointment of counsel is not automatic, but rather is entrusted to the court's discretion. *Castro Romero*, 256 F.3d at 353-54.

*1. The Type and Complexity of the Adversary and the Level of Skill Required to Present the Evidence*

---

[40] *Lockhart v. United States*, 546 U.S. 142, 147 (2005) (quoting *United States v. Craft*, 535 U.S. 274, 287 (2002)).

Here, the type of case weighs heavily against appointment of counsel. Plaintiff, after all, is the plaintiff, not the defendant, in the Adversary, and the Adversary is a civil proceeding. Were Plaintiff being haled into this court against his will to defend himself, then the refusal to appoint counsel would amount to a greater threat to Plaintiff's liberty interests.[41] Here, however, Plaintiff is the one who initiated the Adversary. The only risk Plaintiff faces if he loses the Adversary is the possibility that a contingent, unliquidated debt allegedly owed to him by Defendant will be discharged in the Case. Plaintiff, having voluntarily thrown the machinery of the judicial process into motion, has not made a compelling case that the court should also appoint an attorney to assist Plaintiff.

Nor does the Adversary present particularly complex issues. As adversary proceedings in bankruptcy go, this one is comparatively straightforward. The Adversary revolves around the relatively simple factual determination of whether Defendant willfully and maliciously injured Plaintiff, *see* Code § 523(a)(6), or committed fraud, *see id*. § 523(a)(2).[42] The Adversary involves a single defendant's conduct over a short duration of time – namely, Plaintiff's criminal trial and the days leading up to it – so the evidence is unlikely to be particularly voluminous or complicated. Moreover, the evidence is largely within Plaintiff's knowledge. Thus, the level of skill necessary to present the evidence is not high. This further demonstrates that the court need not appoint counsel here.

*2. The Litigant's Ability to Investigate and Present the Case*

---

[41] *Cf. Gideon v. Wainwright*, 372 U.S. 335, 344 (1963); *In re Norris*, 192 B.R. 863, 875 (Bankr. W.D. La. 1995) (citing *In re Fitzgerald*, 167 B.R. 689 (Bankr. N.D. Ga. 1994); *In re Winslow*, 131 B.R. 161 (D. Colo. 1991)).

[42] *Cf., e.g.*, *Benderson v. Clayton (In re Clayton)*, 2006 WL 1562383, at *3 (Bankr. N.D. Iowa May 22, 2006).

Although an inmate's ability to investigate and present his or her case would ordinarily be limited by his or her incarceration, here the court has made arrangements to secure Plaintiff's physical and telephonic appearance should the Adversary proceed to trial. *See* docket nos. 30-32. This factor therefore weighs against appointing counsel in the Adversary. Moreover, in the Fifth Circuit, requests for appointment of counsel made by incarcerated plaintiffs under 28 U.S.C. § 1915(e)(1) are almost invariably denied.[43]

Plaintiff's filings with this court also demonstrate that he is competent, capable of understanding and using legal and logical argument, and conversant in the English language.[44] Thus, "[t]he pleadings in [this] court . . . demonstrate [Plaintiff's] ability to adequately represent himself," and the need for counsel is diminished.[45]

### 3. Whether Appointing Counsel Would Assist Plaintiff, Defendant, and the Court

Appointing counsel in the Adversary might be "a service to [Plaintiff] and, perhaps, the court and [D]efendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination,"[46] but that will virtually always be true for *pro se* litigants, and yet requests for appointment of counsel are regularly denied in this circuit.[47]

---

[43] *See, e.g., Marquez*, 440 F. App'x at 326; *Patterson v. Harris Cty. Jail*, 358 F. App'x 491, 492 (5th Cir. 2009); *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Garner v. United States*, 45 F. App'x 326, 326 (5th Cir. 2002); *Calloway v. Webb*, 248 F.3d 1143, 1143 (5th Cir. 2001); *Palmer v. Wyeth*, 163 F.3d 1354, 1354 (5th Cir. 1998); *Hicks v. Johnson Cty. Law Enforcement Ctr.*, 134 F.3d 368, 368 (5th Cir. 1997).

[44] *See* docket nos. 1, 8, 12, 18, 21, 27, 28, 29.

[45] *Garner*, 45 F. App'x at 326. *Accord Palmer*, 163 F.3d at 1354 (citing *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989)).

[46] *Marquez*, 440 F. App'x at 326 (quoting *Ulmer*, 691 F.2d at 213).

[47] *See supra* note 43.

Thus, under Fifth Circuit precedent, appointment of counsel would be inappropriate in the Adversary.

### III. CONCLUSION

The court will not appoint counsel for Plaintiff in the Adversary because it is not convinced it possesses the authority to do so. Even if the court did have authority, it would not exercise its discretion to appoint counsel. It is therefore

**ORDERED** that the Motion be **DENIED**.

### ### END OF ORDER ###